IN THE U.S. DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

MAR 20 2015

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

REGGIE BOYLAND d/b/a OTS
RECORDS, ON THE STRENGTH
RECORDS and BANK BAG
PUBLISHING

Plaintiff,

v.

JORDAN HOUSTON p/k/a "JUICY
J," PAUL BEAUREGARD p/k/a "DJ
PAUL," SELECT-O-HITS, LLC,
S.A.T. ENT MUSIC, LLC, and
SCALE-A-TON
ENTERTAINMENT, LLC,

Defendants

CIVIL ACTION FILE NO.

1:15-CV-0817

## COMPLAINT

COMES NOW PLAINTIFF and brings this Complaint against Defendants and alleges as follows:

### THE PARTIES

1.

Plaintiff Reginald Boyland is an individual resident of Georgia, located at 3145 Palm Ridge Drive, Lithonia, Georgia 30038.

1

2.

Upon information and belief, Defendant Jordan Houston p/k/a "Juicy J" and Defendant Paul Beauregard p/k/a "DJ Paul" (collectively the "Individual Defendants") may be served in care of their attorney, Joe M. Carlone, Esq., King, Holmes, Paterno & Berliner, 1900 Avenue of the Stars, 25th Floor, Los Angeles, CA 90067.

3.

S.A.T. ent Music, LLC and Scale-A-Ton Entertainment, LLC are Tennessee limited liability companies whose principal office is located at 7582 Las Vegas Blvd S. Las Vegas, NV 89123-1009. Both companies may be served through their registered agent, David Bearman, at 165 Madison Ave., Ste. 2000, Memphis, Tennessee 38103-2752.

4.

Select-O-Hits, Inc. is a Tennessee corporation located at 1981 Fletcher Creek Drive, Bartlett, Tennessee 38133-7057, and may be served through its registered agent, Sam Phillips, at that address.

## VENUE AND JURISDICTION

5.

This Court has jurisdiction over this action, and venue is proper in this Court as follows: This action seeks damages and injunctive relief under the

copyright laws of the United States of America, 17 U.S.C. §101 *et seq.* Jurisdiction over the copyright claim is conferred upon this Court pursuant to 28 U.S.C. §§1331 and 1338. Additionally, pursuant to 42 U.S.C. §1332 this Court has jurisdiction over this action, in that this is a civil action between citizens of different states in which the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. Jurisdiction in this District also comports with the Due Process Clause of the Fourth Amendment.

6.

Venue is proper in this District pursuant to 28 USC §1391(b) and §1400(a). All or a substantial part of the events or omissions giving rise to the claim occurred here, and Defendants are subject to personal jurisdiction here. Defendants purposefully transact business in the state of Georgia and committed the act of copyright infringement in Georgia; Plaintiff's copyright claim arises directly out of these acts.

FACTS

7.

Reggie Boyland ("Boyland"), a pioneer in southern hip hop music, has done business as On the Strength Records since 1990. OTS Records, a hip hop record label, is also known as On the Strength Records. Boyland owns

all rights in and to the master sound recordings "Listen to the Lyrics" ("Lyrics") and "Pimps in the House" ("House") (collectively, the "Recordings") featuring the performances of Memphis hip hop duo "8Ball and MJG." "Lyrics" and "House" were first commercially released on the OTS record label in 1991.

8.

Boyland (d/b/a On the Strength Records) owns the U.S. Copyright registrations for the sound recordings of "Lyrics" (reflecting date of first publication on August 7, 1991), SR 755-420, and "House" (reflecting date of first publication of July 13, 1991), SR 755-419, true and correct copies of which are attached hereto as Exhibit A.

9.

Boyland also does business as Bank Bag Publishing ("BBP"), a BMI music publishing company. BBP is the claimant for the copyrights of the compositions of "Lyrics" (Pau3-741-440), and "House" (registration PAu3-741-442), true and correct copies of which are attached hereto as Exhibit B. Collectively, the Recordings and Compositions are referred to herein as the "Original Works." Boyland operates his record label and music publishing company in Lithonia, Georgia.

10.

The Individual Defendants were members of hip hop musical group Three 6 Mafia, which, along with other artists on their record label, was a part of the "Hypnotize Camp Posse." Three 6 Mafia recorded and released music from 1991 through and including 2009. Many of their recordings were created in Atlanta, Georgia.

11.

Thee 6 Mafia is associated with the "horrorcore" trend in 1990's rap; their lyrics revolve around the hardcore themes of violence, sex, and drugs. They frequently performed in Atlanta. The Individual Defendants have lived in Atlanta for weeks at a time as they worked here, performing, producing and signing contracts (including a recording contract with the artist T-Roc).

12.

Together, the Individual Defendants owned a music production company called Hypnotize Minds Productions, LLC, a Tennessee limited liability company which was administratively dissolved on August 9, 2012. It is Plaintiff's good faith understanding that the assets and liabilities of the company passed to Defendants Houston and Beauregard upon the dissolution.

13.

To the best of Plaintiff's good faith knowledge and belief, Defendant Bouregard owns Defendants Scale-A-Ton Entertainment, LLC and S.A.T.ent,

LLC, which are distributed by Defendant Select-O-Hits, LLC (together, these three LLC Defendants are referred to herein as the "Label Defendants").

14.

On December 3, 1996, the Individual Defendants commercially released Three 6 Mafia's second album, entitled "Chapter 1: The End" (also known as "Da End") on their record label, Prophet Entertainment (no longer owned by them). In addition to being the artists performing on the recording, the Individual Defendants were two of the three credited writers, and they were the sole producers of the album.

15.

Da End album contained a song entitled "Where's Da Bud." The Individual Defendants caused a portion of Plaintiff's sound recording "Lyrics" to be embodied in "Where's Da Bud." The sampling is public knowledge, and reflected on websites such as *Wikipedia.com* and *whosampled.com*.

16.

The Individual Defendants' recording entitled "Where's Da Bud," featuring the sample of Plaintiff's recording "Lyrics," was re-released on November 26, 2013 by the Label Defendants on an album entitled "Volume 16: The Original Masters" (the title of the recording was changed to "Where

6

the Bud At?"). The Label Defendants did not have permission to include the sample in "Volume 16: The Original Masters," and did not obtain a license or pay for the use.

17.

On November 4, 1997, the Individual Defendants, through their label, Hypnotize Minds Production, LLC, commercially released Three 6 Mafia's third album, entitled "Chapter 2: World Domination" (released in association with Relativity Records, distributed by Sony). It contained a song entitled "Hit a Mutha****a" ("Hit" herein). In addition to being the artist performing on the song, the Individual Defendants were two of the six credited writers, and they were the sole credited producers of the album.

18.

The Individual Defendants caused a portion of Plaintiff's master recording entitled "House" to be embodied in the sound recording of "Hit." Defendants obtained a five year license from Plaintiff beginning September 1997 for Hypnotize Minds Productions, LLC to use the Recording of "House." The license was signed in Atlanta, Georgia; it expired in 2002 without being renewed, and, as noted hereinabove, Hypnotize Minds Productions, LLC was administratively dissolved ten years later, on August 9, 2012.

19.

On January 25, 2000, the Individual Defendants released a compilation album through their Hypnotize Minds Productions, LLC record label (distributed by Sony through Relativity Records) featuring Three 6 Mafia and other artists collectively known as the "Hypnotize Camp Posse." The album, produced by the Individual Defendants, was entitled "Three 6 Mafia Presents: Hypnotize Camp Posse." One of the songs on that album was entitled "Fie It On Up," which sampled " Lyrics" without Plaintiff's authorization.

20.

On October 3, 2006, the Individual Defendants commercially released on their Hypnotize Minds Productions, LLC label Three 6 Mafia's "Greatest Hits" album, entitled "Smoked Out Music," featuring a new version of "Where's Da Bud," entitled "Where's Da Bud Part 2," which also contained the sample of Plaintiff's Recording (the "Part 2" track was first released on October 26, 2004 by Defendant Beauregard on his mixtape entitled "For Da Summer: Underground, Volume 16 (Dragged & Chopped)"). The Label Defendants did not have permission to include the sample in "Where's Da Bud Part 2" and did not obtain a license or pay for the use.

21.

After they released their final album as Three 6 Mafia in 2008, certain of the members reunited as Da Mafia 6ix, without Houston (who, to Plaintiff's good faith knowledge and belief, is signed exclusively to Sony Music or one of its affiliated record labels). Defendant Beauregard is a member of Da Mafia 6ix.

22.

On November 12, 2013, Da Mafia 6ix released its first mixtape, entitled "6ix Commandments," which featured a song entitled "Yean High." The Label Defendants distributed this mixtape. Defendant Beauregard was the writer and producer of "Yean High," and caused a portion of Plaintiff's sound recording "House" to be embodied in "Yean High." Neither he nor the Label Defendants had permission to include the sample in "Yean High," and they did not obtain a license or pay for the use.

23.

To the best of Plaintiff's good faith knowledge and understanding, Defendant Beauregard recorded and produced "Yean High" in Atlanta, at 11th Street Studio, 669 11th Street, NW, Atlanta, GA  30318, where the incorporated Plaintiff's recording "House." Defendant Bouregard has acknowledged the sampling of Plaintiff's works. On copies of "Yean High" available for purchase by consumers (including on sites such as

Amazon.com), words reflecting that the song "features 8Ball and MJG" (the artists performing "House") are prominently displayed.

24.

Defendants have copied, performed, distributed and/ or sold the Original Works without permission of the copyright owner.

25.

To the best of Plaintiff's good faith knowledge and belief, Defendants have licensed certain of the recordings "Hit a Mutha****a," "Where's the Bud," "Where's Da Bud, Pt. 2?," "Fie it On Up," and "Yean High" (collectively, the "Infringing Works"), containing samples of the Original Works, to be sampled on other sound recordings which have been commercially released by other artists.

26.

The Infringing Works contain samples of the Original Works which were not authorized by Plaintiff.

27.

On February 4, 2014, upon discovery of the infringements, Kendall A. Minter, Boyland's transactional attorney, sent a demand letter to Defendants' lawyers concerning the infringing use of the Original Works (attached hereto

as "Exhibit C"). He demanded that Defendants cease and desist from all sales of the Infringing Works, as they are unauthorized.

28.

On or about July 23, 2014, a representative of Defendant Select-O-Hits informed Mr. Minter that based on the allegations, it would hold all monies from sales of Da Mafia 6ix and "Volume 15: The Original Masters" and not release them to any claimants, including the other defendants. However, the Defendants continue their sales of the Infringing Works.

## COUNT 1
## COPYRIGHT INFRINGEMENT AGAINST ALL DEFENDANTS

29.

Plaintiff incorporates herein each and every allegation contained in paragraphs 1 through 28 as if such allegations were set forth herein in their entirety.

30.

Plaintiff is and at all relevant times has been the copyright owner of exclusive rights under United States copyright law with respect to the Original Works, including the U.S. Copyright registrations for the Recordings.

31.

11

Among the exclusive rights granted to the Plaintiff under the Copyright Act are the exclusive rights to reproduce the Compositions and Recordings, and to distribute them to the public.

32.

The Defendants, without the permission or consent of Plaintiff, have copied, reproduced and distributed, and/ or licensed the reproduction and distribution to the public, of the Original Works as follows; in doing so, each Defendant has violated Plaintiff's exclusive rights under 17 U.S.C. §101 *et seq*:

(a) Hit a Mutha****a (*Artist: Three 6 Mafia*) – As writers and producers of this recording, the Individual Defendants incorporated Plaintiff's recording "**House**." They distributed "Hit a Mutha****a" on their label.

(b) "Where's the Bud"/ "Where the Bud At?" (*Artist: Three 6 Mafia*) - As writers and producers of this recording, the Individual Defendants incorporated Plaintiff's recording "**Lyrics**." They distributed "Where's the Bud" on their label, and the Label Defendants distributed it on the album entitled "House in Volume 16: The Original Masters."

(c) "Where's Da Bud, Pt. 2?" (*Artist: Three 6 Mafia*) - Individual Defendants were writers and producers of this recording, and commercially released this on their label on the "Greatest Hits" album, entitled "Smoked

Out Music." It incorporated Plaintiff's recording "**Lyrics**." Defendant Beauregard also released it on his mixtape entitled "For Da Summer: Underground, Volume 16 (Dragged & Chopped)").

(d) "Fie it On Up" (*Artist: Hypnotize Camp Posse*) - As writers and producers of this recording, the Individual Defendants released it on a compilation album through their record label. The song sampled the recording "**Lyrics**" without Plaintiff's authorization.

(e) "Yean High" (*Artist: Da Mafia 6ix*) – Defendant Beauregard wrote and produced this on the mixtape entitled "6ix Commandments." It included Plaintiff's sound recording "**House**" and was distributed by the Label Defendants.

33.

Defendants' actions constitute infringement of Plaintiff's copyright and/ or exclusive rights under copyright. The foregoing acts of infringement have been willful, intentional, and in disregard of and with indifference to the rights of Plaintiff.

34.

Accordingly, Plaintiff is entitled to an award against Defendants for the recovery of Defendants' profits, Plaintiff's actual damages suffered by him as

a result of the infringement, and attorneys' fees and costs, pursuant to 17 U.S.C. §§ 504 and 505.

## COUNT 2
## INJUNCTIVE RELIEF AND IMPOUNDMENT AGAINST ALL DEFENDANTS

35.

Plaintiff incorporates herein each and every allegation contained in paragraphs 1 through 34 as if such allegations were set forth herein in their entirety.

36.

The conduct of the Defendants is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. Pursuant to 17 U.S.C. §502, Plaintiff is entitled to injunctive relief prohibiting the Defendants from further infringing Plaintiff's copyrights.

37.

An injunction should be granted because immediate and irreparable injury, loss or damage will result to the Plaintiff if the actions of Defendants are not enjoined. Without such an order, Plaintiff has no adequate remedy at law to prevent Defendants' continued use, exploitation and profiting from his

Work. Plaintiff will suffer immediate and irreparable damage to his career and livelihood.

38.

Additionally, pursuant to 17 U.S.C. §503, Plaintiff requests while this action is pending the impounding of all copies or phonorecords claimed to have been made or used in violation of the exclusive right of Plaintiff, the impounding of all plates, molds, matrices, masters, tapes, film negatives, or other articles by means of which such copies or phonorecords may be reproduced, and the impounding of records documenting the manufacture, sale, or receipt of things involved in any such violation.

39.

Therefore, Plaintiff requests an Order immediately restraining Defendants from all use of "Lyrics" and "House," including from copying and distribution, and the impounding as set forth herein.

### COUNT 3
### ATTORNEY'S FEES AGAINST ALL DEFENDANTS

40.

Plaintiff incorporates herein each and every allegation contained in paragraphs 1 through 39 as if such allegations were set forth herein in their entirety.

41.

Plaintiff is entitled to collect full costs, and reasonable attorney's fees, pursuant to 17 U.S.C. § 505.

42.

Plaintiff has incurred legal fees and is entitled to his reasonable attorneys' fees, to be proven at trial.

## COUNT 4
## PREJUDGMENT INTEREST AGAINST DEFENDANTS

43.

Plaintiff incorporates herein each and every allegation contained in paragraphs 1 through 42 as if such allegations were set forth herein in their entirety.

44.

Plaintiff is entitled to recover from Defendants prejudgment interest from the date that Defendants' infringement occurred.

WHEREFORE, Plaintiff prays that:

(a) this Court grant to Plaintiff the relief sought in Count One against Defendants jointly and severally for Copyright Infringement and award to

Plaintiff actual damages for each infringement of the Original Works pursuant to 17 U.S.C. §504; and

(b) this Court grant to Plaintiff the relief sought in Count Two against Defendants jointly and severally and

(i) grant to Plaintiff an injunction providing, "Defendants shall be and hereby are enjoined from directly or indirectly infringing Plaintiff's rights under federal law in the Composition and Sound Recordings, except pursuant to a lawful license or with the express authority of Plaintiff" and

(iii) grant to Plaintiff an Order impounding all copies or phonorecords claimed to have been made or used in violation of the exclusive right of Plaintiff, impounding all plates, molds, matrices, masters, tapes, film negatives, or other articles by means of which such copies or phonorecords may be reproduced, and impounding records documenting the manufacture, sale, or receipt of things involved in any such violation; and

(c) this Court grant to Plaintiff the relief sought in Count Three against Defendants jointly and severally for Attorney's Fees;

(d) this Court grant to Plaintiff the relief sought in Count Four against Defendants jointly and severally for prejudgment interest;

(e) Plaintiff be awarded the costs and disbursements of this action, together with reasonable attorney's fees;

(f) Plaintiff receive a trial by a jury; and

(g) Plaintiff has such other and further relief as this Court may deem just and proper.

Respectfully submitted this 20th day of March, 2015.

_____
Alan S. Clarke
Georgia Bar Number 128225

The Entertainment Law Group, Alan S. Clarke & Associates, LLC
3355 Lenox Road
Suite 750
Atlanta, Georgia 30326
(404) 816-9800